IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2013 DEC 16  AM 8: 35

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

BRUCE BLAIR,

               **Plaintiff,**

-vs-

Case No.  A-13-CA-759-SS

DEUTSCHE BANK NATIONAL TRUST
COMPANY as Trustee for NovaStar Mortgage
Funding Trust, Series 2006-4; NOVASTAR
MORTGGE, INC.; MERSCORP HOLDINGS,
INC.; and JUANITA STRICKLAND,
               **Defendants.**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Bruce Blair's Motion to Remand [#6], and Deutsche Bank National Trust Company's Response [#9]; Plaintiff Bruce Blair's Unopposed Motion to Extend Scheduling Order Deadlines [#7][1]; Defendant Juanita Strickland's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss for Failure to State a Claim, or, in the further alternative, Motion to Dismiss [#12], and Plaintiff Bruce Blair's Response [#13]; and Defendants Deutsche Bank National Trust Company and MERSCORP Holdings, Inc.'s Motion for Judgment on the Pleadings [#14], Plaintiff Bruce Blair's Response [#15][2], and Plaintiff's Motion for Extension of Time to File

---

[1] The Motion is GRANTED.

[2] The Plaintiff's Corrected Response is attached as Exhibit A to his Motion for Extension of Time to File Response, which the Court GRANTS. The Corrected Response has not yet been docketed, but the Court considered it.

Response [#17][3].  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

This is a foreclosure suit regarding the property located at 602 Ramble Lane, Austin, Texas 78745 (the Property).  The Property was foreclosed upon because Plaintiff Bruce Blair became delinquent on his purchase money residential mortgage loan.  Blair filed this action seeking to challenge the authority of Defendant Deutsche Bank National Trust Company, as Trustee for Novastar Mortgage Funding Trust, Series 2006-4 (Deutsche Bank), to enforce the debt through foreclosure of the lien on the Property.

This is not the first time this Court has encountered Blair with respect to the foreclosure of the Property.  On March 19, 2013, Blair sued Deutsche Bank and Defendant Juanita Strickland, asserting essentially the same allegations as he does in this suit, in Travis County District Court.  The action was removed to this Court on April 15, 2013, and Blair then voluntarily dismissed his action. *See Blair v. Deutsche Bank Nat'l Trust Co.*, No. 1:13-cv-305-SS (W.D. Tex. May 1, 2013).

Blair then filed the instant action in state court on August 27, 2013, and Deutsche Bank again removed the case to this Court on August 30, 2013.  In his Original Petition, Blair asserts causes of action for breach of contract, wrongful foreclosure, violations of the Texas Debt Collection Act (TDCA), violations of the Texas Deceptive Trade Practices Act (DTPA), filing fraudulent liens, and a suit to quiet title.

---

[3]This Motion is GRANTED.

## Analysis

### I.     Motion to Remand

First, Blair filed a Motion to Remand, arguing Defendant Juanita Strickland, the substitute trustee, is a properly joined, non-diverse defendant. Deutsche Bank opposes the Motion to Remand, arguing Strickland, the only non-diverse Defendant, was improperly joined to defeat diversity. Deutsche Bank contends Blair fails to allege any facts supporting any independent plausible claim against Strickland because the only allegation against Strickland is she conducted the foreclosure sale in her capacity as substitute trustee, which is not a basis for relief and does not make her a necessary party. As an improperly joined defendant, Strickland's citizenship is ignored for diversity analysis, and because complete diversity then exists between Blair and the other Defendants, Deutsche Bank argues this Court has subject matter jurisdiction over Blair's claims pursuant to 28 U.S.C. § 1332(a).

### A.     Legal Standard

The Fifth Circuit has described the fraudulent or improper joinder doctrine as follows. "The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[4] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). "One way in which a diverse defendant may establish improper joinder is by showing the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quotation omitted).

As relevant to this case, the test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant,

---

[4] Similarly, 28 U.S.C. § 1441(b)(2) prevents removal only if one of the "properly joined" defendants is a citizen of the state in which the action is brought. Thus, an improper joinder makes this basis for remand inapplicable.

which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). However, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case," and the "party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 573, 574. Although "the standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)," the scope of the inquiry is broader, "because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

## B.    Application

Here, there is no reasonable basis for the Court to predict Blair might prevail against Strickland, the substitute trustee. Substitute trustees have a right to mandatory dismissal from the suit, upon a finding that they are not a necessary party. *See* TEX. PROP. CODE § 51.007(d). Moreover, trustees are also protected from any liability arising from "good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." *Id.* § 51.007(f).

Blair argues Strickland is a necessary party, but subsection (e) makes it clear that trustees are not necessary parties to a suit to halt a foreclosure. *Id.* § 51.007(e) ("A dismissal of the trustee pursuant to Subsections (c) and (d) shall not prejudice a party's right to seek injunctive relief to prevent the trustee from proceeding with a foreclosure sale."); *Marsh v. Wells Fargo Bank, N.A.*, 760

-4-

F. Supp. 2d 701, 709 (N.D. Tex. 2011) ("[Subsection (e)] suggests that the trustee under a deed of trust is not a necessary party to an action enjoining foreclosure.").

In his Motion to Remand, Blair claims joinder of the Substitute Trustee is proper because Strickland is liable under Texas Civil Practice and Remedies Code section 12.002, for the filing of fraudulent documents in the deed records of Travis County, Texas. Specifically, Blair lists the documents fraudulently filed, which include the assignments, the Substitute Trustee's Deed, and the notice letters. *See* Notice of Removal [#1-1], Ex. B-1 (Original Petition), at ¶ 19 (listing the document numbers of the alleged fraudulent filings in the property records of Travis County, Texas); Pl.'s Resp. [#13], at 4. While not entirely clear, Blair's complaint seems to be suggesting all of these documents are fraudulent because the original assignment by which Deutsche Bank received the mortgage was, according to Blair, fraudulent. *See* Original Petition, at ¶ 9. Blair goes on to accuse Deutsche Bank of engaging in "robo-signing" under the direction of Lender Processing Services (LPS), and alleges the documents created by LPS were entirely fraudulent. *Id.* at ¶ 11. More specifically, under this scheme, LPS employees—in this case someone named Topako Love—were signing the assignments but falsely representing themselves to be the Vice President of Mortgage Electronic Registration Systems, Inc. (MERS). *Id.*

Even if Deutsche Bank did not engage in "robo-signing," Blair still complains the assignments were fraudulent because the loan was transferred into the Novastar Mortgage Funding Trust, Series 2006-4 (the Trust) too late. *Id.* at ¶ 12. The Trust's pooling and service agreement (PSA) shows the closing date of the Trust was August 29, 2006, but the assignment at issue was executed on November 2, 2009, effectively making the assignment invalid, according to Blair. *Id.*

Unfortunately for Blair, the Fifth Circuit has recently addressed very similar arguments and rejected them. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013). In short, the assignment was between MERS and Deutsche Bank, not Blair, and to the extent any of Blair's allegations as to fraudulent assignment are true, they merely make the assignment voidable, not void. In *Reinagel*, the Fifth Circuit confirmed: "Though 'the law is settled' in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor *may* defend 'on any ground which renders the assignment void.'" *Id.* at 225 (citations omitted). In other words, an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground which merely renders the assignment voidable at the election of the assignor. *Id.* In the instant case, the only parties to the assignment were MERS and Deutsche Bank, as trustee of the Trust. And Blair's assertions, if true, would only make the assignment voidable, not void. *See id.* at 227 ("However, in *Nobles v. Marcus*, the Texas Supreme Court clarified that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal . . . ."). Therefore, Blair cannot challenge the assignment at issue in this case.

In addition, *Reinagel* also addressed a plaintiff's claims the assignments were void because they were executed after the closing date of the trust, violating the terms of the PSA. The court held a violation of the terms of a PSA would not render the assignment of the mortgage void, but, if true, would entitle third-party beneficiaries to sue for breach of the PSA. *Id.* at 228. In the instant case, Blair is not a party, agent or assignee of a party, or a third-party beneficiary of the PSA, and therefore cannot bring suit for alleged breach of the PSA. Blair has not claimed to be a third-party beneficiary,

and therefore cannot challenge the breach of the terms of the PSA. Moreover, even if he were a third-party beneficiary, an assignment in violation of the terms of the PSA is voidable, not void, further establishing Blair's inability to bring a challenge based on a breach of the PSA. *Id.*

Accordingly, the Court finds Strickland, the substitute trustee, is improperly joined, because there is no basis for recovery against her, and disregards her presence in determining whether the Court has jurisdiction. Therefore, this Court has jurisdiction, and Blair's Motion to Remand is DENIED.

## II.     Motion for Judgment on the Pleadings by Juanita Strickland

Second, Defendant Juanita Strickland filed a Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss for Failure to State a Claim, or in the Further Alternative, Motion to Dismiss. Specifically, Strickland moves for judgment on Blair's claims against her of: (1) quiet title, (2) breach of contract, (3) violations of the TDCA, (4) violations of the DTPA, and (5) the filing of fraudulent liens. In his Response, Blair states only two of the causes of action relate to Strickland: (1) the quiet title action, and (2) the filing of fraudulent liens. *See* Response [#13], at 1–2. Therefore, the Court will assume Blair concedes the motion with respect to breach of contract, the TDCA, and the DTPA.

### A.     Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter*

& *Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotation marks omitted). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.      Application**

As described above in Part I(B), there is no reasonable basis for the Court to predict Blair might prevail against Strickland, the substitute trustee.   *See* TEX. PROP. CODE § 51.007. Nevertheless, the Court will briefly address Blair's claims against Strickland.

**1.      Quiet Title**

A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld. *Porretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  "The principal issue in a suit to quiet title is the existence of a cloud that equity will remove."  *Ballard v. Allen*, No. 12-03-00370-CV, 2005 WL 1037514, at *3 (Tex. App.—Tyler May 4, 2005, no pet.) (mem. op., not designated for publication).  To quiet title in his favor, the plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). In other words, the plaintiff must recover on the strength of his own title, not the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Blair has not alleged Strickland claims any interest in the Property, making any quiet title claim against Strickland nonsensical.  Therefore, Strickland's motion as to this claim is GRANTED.

**2.      Filing Fraudulent Liens**

For the reasons discussed above in Part I(B), Blair cannot bring a cause of action for filing fraudulent liens under Texas Civil Practices and Remedies Code § 12.002.  His fraudulent filing claims are premised on the notion the assignments were invalid.  Blair, however, as a third party,

cannot challenge the assignments as invalid because, even if his allegations were true, the assignment would merely be voidable, not void.  Moreover, Blair cannot challenge the assignments as invalid based on a breach of the PSA's terms because Blair is not a third-party beneficiary of the trust and, even if the PSA's terms were breached, the assignment would again merely be voidable, not void. Because he cannot challenge the assignment as invalid, his claims for fraudulent filings fail. Therefore, Strickland's motion as to this claim is GRANTED.

## III.    Motion for Judgment on the Pleadings by Defendants Deutsche Bank and MERSCORP

Third, Defendants Deutsche Bank and MERSCORP move for judgment on the pleadings under Rule 12(c), arguing Blair fails to state a claim upon which relief may be granted.  Specifically, Defendants argue, among other contentions: (1) Blair lacks standing to challenge the assignment of lien to Deutsche Bank; and (2) Blair lacks standing to challenge the inclusion of the loan in the Trust.

Again, for the reasons discussed above in Part I(B), Blair's claims fail.  He cannot challenge the assignment of the loan to Deutsche Bank when he is a non-party to the assignment, and when the assignment, if what he alleged were true, would only be voidable, not void.  Furthermore, he cannot argue a breach of the terms of the PSA because he is not a third-party beneficiary of the Trust, and a breach of the PSA's terms would again only make the assignment voidable, not void.  Therefore, Defendants' Motion for Judgment on the Pleadings is GRANTED.

### Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Bruce Blair's Motion to Remand [#6] is DENIED;

IT IS FURTHER ORDERED that Plaintiff Bruce Blair's Unopposed Motion to Extend Scheduling Order Deadlines [#7] is GRANTED;

-10-

IT IS FURTHER ORDERED that Defendant Juanita Strickland's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss for Failure to State a Claim, or, in the further alternative, Motion to Dismiss [#12] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to File Response [#17] is GRANTED;

IT IS FINALLY ORDERED that Defendants Deutsche Bank National Trust Company and MERSCORP Holdings, Inc.'s Motion for Judgment on the Pleadings [#14] is GRANTED.

SIGNED this the ___*13*___ day of December 2013.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE